United States District Court
District of South Carolina

| | |
|---|---|
| Eddie Thomas Jackson #97217-071; )<br>)<br>Plaintiff; )<br>)<br>vs. )<br>)<br>The Honorable C. Weston Houck, United States )<br>District Judge, in his individual and non-judicial )<br>capacity; and Timothy Dargan, Law Clerk, in his )<br>individual capacity; )<br>)<br>Defendants. )<br>) | C/A No. 8:05-1412-MBS-BHH<br><br>**Report and Recommendation** |

The Plaintiff Eddie Jackson (hereafter, the "Plaintiff") has brought this *pro se* action against the Defendants under Title 42 United States Code §1983. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court.

**BACKGROUND**

Plaintiff is a prisoner presently in custody of the Federal Bureau of Prisons (FBOP) after conviction in this Court upon entry of a guilty plea as a felon in possession of a firearm, violating 18 U.S.C. § 922(g)(1) and § 924(e). On February 6, 2002, the Honorable C. Weston Houck, United States District Judge for the District of South Carolina, sentenced the Plaintiff to one hundred eighty months of imprisonment, to be followed by five years of supervised release and other terms and conditions. *See United States v. Jackson*, 4:00-0607 (D.S.C. 2000). The conviction was affirmed on appeal. *See United States v. Jackson*, 48 Fed. Appx. 902 (4th Cir. 2004). Plaintiff subsequently sought relief

1

under 28 U.S.C. § 2255.  *See Jackson v. United States*, 4:02-4170 (D.S.C. 2002). Summary Judgment was granted to the Respondent by District Judge Houck on March 4, 2004.  Plaintiff appealed, and the judgment was affirmed by the Fourth Circuit Court of Appeals on May 21, 2004, with the mandate returned to this Court on July 14, 2004.  *See Jackson v. United States*, 96 Fed. Appx. 930 (4th Cir. 2004).[1]

On July 16, 2004, Plaintiff filed in this Court a Motion to Vacate Judgment under Rule 60(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.).  On July 22, 2004, the motion was deemed moot in a docket "minute entry" made by Defendant Dargan as law clerk to District Judge Houck. This court may take judicial notice of its own records in these prior cases.  *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'"); *Shoup v. Bell & Howell*, 872 F.2d 1178, 1182 (4th Cir. 1989); *Daye v. Bounds*, 509 F. 2d 66 (4th Cir. 1975); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties).

Plaintiff now seeks to recover Ten Million Dollars ($10,000,000.00) damages under 42 U.S.C. § 1983 from the Defendants.  He contends that the minute entry mooting his motion was a denial of due process – that is, a failure to adjudicate the motion on its merits.  Alternatively he claims that District Judge Houck failed to discharge a duty of supervising his law clerk.  For reasons set out below, it is recommended that this action be

---

[1] – Plaintiff filed interlocutory and belated appeals, as well as petitions, in his criminal prosecution and § 2255 proceedings, all of which were denied.  *See United States v. Jackson*, 109 Fed. Appx. 556 (4th Cir. 2004); *In re Jackson*, 95 Fed. Appx 22 (4th Cir. 2004); and *In re Jackson*, 41 Fed. Appx. 635 (4th Cir. 2004).

dismissed **with prejudice** and that the dismissal be deemed a "strike" under 28 U.S.C. § 1915(g).

### *PRO SE* COMPLAINT

The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, *supra*. Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments. *Small v. Endicott,* 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### FAILURE TO STATE A CLAIM

The doctrine of judicial immunity precludes any claim in this Court against District Judge Houck by reason of judicial acts done in the exercise of this Court's jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Judicial immunity is a threshold question which requires summary dismissal. *Siegert v. Gilley*, 500 U.S. 226 (1991); and *Mitchell v. Forsyth*, 472

U.S. 511, 526 (1985).  There is no question that this Court had jurisdiction over the subject matter of Plaintiff's prosecution and the person of the Plaintiff himself.  This action fails to state a claim against District Judge Houck.

The doctrine of quasi-judicial immunity has been adopted and made applicable to court support personnel to preclude the possibility "that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]"  *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992).  *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel).

The United States Court of Appeals for the Fourth Circuit, in *Pink v. Lester*, 52 F.3d 73 (4th Cir.1995), not only took note of the Seventh Circuit cases cited above but also found that the United States Supreme Court, in *Daniels v. Williams*, 474 U.S. 327 (1986), had precluded § 1983 actions arising from negligent actions by court support personnel.  The broad prohibition of actions against public officials implementing court orders was recognized in *Belk v. Charlotte-Mecklenburg Bd. of Education*, 269 F. 3d 305 (4th Cir. 2001).

Plaintiff suggests that Defendant Dargan was not acting pursuant to a Court directive but instead made the minute entry on his own volition and without authority so to do.  There is no need to speculate on this issue, because Plaintiff's Motion to Vacate Judgement under Fed. R. Civ. P. 60(b) could in no case be entertained by this Court after the United States Court of Appeals for the Fourth Circuit had filed its opinion and mandate affirming the prior decision.  This principle is of such long standing that citation to authority should be unnecessary.  Nearly forty years ago, the United States District Court for the

4

District of Nebraska issued a lengthy and exhaustive review of precedent on this issue in *Rhodes v. Houston, et al*, 258 F. Supp. 546 (D. Nebraska 1966). The entire analysis is deserving of citation. For the sake of brevity, however, only the essential text is quoted below:

> The invulnerability to a trial court's intrusion upon, or disregard of, a judgment or decree founded in, or supported by, an appellate mandate, is devoid of novelty. For example, in 1897, Mr. Justice Gray in In re Potts, 166 U.S. 263, 267, 268, 17 S.Ct. 520, 521, 522, 41 L.Ed. 994, wrote:
>> When the merits of a case have been once decided by this court on appeal, the circuit court (by which name the trial court was then known) has no authority, without express leave of this court, to grant a new trial, a rehearing or a review, or to permit new defenses on the merits to be introduced by amendment of the answer. Ex parte Story, 12 Pet. 339 (9 L.Ed. 1108); Southard v. Russell, 16 How. 547, (14 L.Ed. 1052); Ex parte Dubuque & P.R. Co., 1 Wall. 69, (17 L.Ed. 514); Stewart v. Salamon, 97 U.S. 361, (24 L.Ed. 1044; Gaines v. Rugg, 148 U.S. 228, 13 S.Ct. 611, (37 L.Ed. 432). In this respect a motion for a new trial or a petition for a rehearing stands upon the same ground as a bill of review, as to which Mr. Justice Nelson, speaking for this court, in Southard v. Russell, above cited, said: 'Nor will a bill of review lie in the case of newly discovered evidence after the publication or decree below, where a decision has taken place on an appeal, unless the right is reserved in the decree of the appellate court, or permission be given on an application to that court directly for the purpose. This appears to be the practice of the court of chancery and house of lords, in England; and we think it founded in principles essential to the proper administration of the law, and to a reasonable termination of litigation between the parties in chancery suits."

This Court need not consider Plaintiff's suggestion that his Motion to Vacate Judgment was improperly deemed moot, with or without the authority of District Judge Houck. The Plaintiff, having failed to seek leave from the Court of Appeals for Fourth Circuit, filed a motion in this Court which was a nullity as a matter of law.

### §1915 SCREENING

Under 28 U.S.C. § 1915 a District Court may dismiss a pleading by an indigent and/or *pro se* litigant upon a finding that the action "fails to state a claim on which

5

relief may be granted" or is "frivolous or malicious."  § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25 (1992).  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).  The court may dismiss a claim as "factually frivolous" under §1915(e) if the facts alleged are clearly baseless.  *Denton v. Hernandez, supra*.   In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor.  *Id*.

## RECOMMENDATION

It is recommended that this action be **dismissed with prejudice and that this dismissal be deemed a "strike" under 28 U.S.C. § 1915(g)**. The Plaintiff's attention is directed to the important notice on the following page.

Respectfully Submitted,

s/Bruce H. Hendricks
United States Magistrate Judge

May 23, 2005
Greenville, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**& The Serious Consequences of a Failure to Do So**

  The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

  During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

  **This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*, *supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603
