IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eddie Thomas Jackson, ) | C/A No. 8:05-cv-1412-MBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER and OPINION |
| ) | |
| The Honorable C. Weston Houck, ) | |
| United States District Judge, in his ) | |
| individual and non-judicial capacity; ) | |
| and Timothy Dargan, Law Clerk, in ) | |
| his individual capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### I. Introduction

Plaintiff Eddie Thomas Jackson, appearing *pro se*, is an inmate at the Federal Correctional Institution in Bennettsville, South Carolina. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights when they dismissed Plaintiff's motion to vacate judgment in an earlier proceeding as moot. Plaintiff seeks money damages in the amount of ten million dollars ($10,000,000).

### II. Law/Discussion

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. The Magistrate Judge reviewed the petition pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A, and, on May 23, 2005, filed a Report and Recommendation that the Complaint be dismissed with prejudice and that the dismissal be deemed a "strike" under 28 U.S.C. § 1915 (g). Plaintiff filed objections

to the Report and Recommendation ("Plaintiff's Objections") on June 6, 2005.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

The facts of this case are largely culled from the records of prior Federal Court proceedings.[1] Plaintiff entered a guilty plea to the charge of felon in possession of a firearm on January 4, 2001. He was sentenced by the Honorable C. Weston Houck to one hundred eighty months of imprisonment and five years of supervised release. Plaintiff moved the court to vacate judgment under 28 U.S.C. § 2255 in December of 2002. Judge Houck granted summary judgment to the government in March of 2004. Plaintiff appealed and the judgment was affirmed by the Fourth Circuit Court of Appeals in May of 2004, with judgment entered on July 14, 2004. On July 16, 2004, Plaintiff filed a Motion to Vacate Judgment under Rule 60 (b) of the Federal Rules of Civil Procedure. On July 22, 2004, Plaintiff's Motion to Vacate was deemed moot in a minute entry made

---

[1] The court may take judicial notice of its own records in prior cases. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989).

by Timothy Dargan, law clerk to Judge Houck.[2]

Plaintiff contends that this docket entry "violate[d] the First and Fifth Amendment" by denying him "access to the courts" and an "an opportunity to be heard in a meaningful time and meaningful manner." Complaint, 7. After reviewing the record in this case, the Magistrate Judge found that Plaintiff's complaint failed to state a claim on which relief can be granted and thus should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Report and Recommendation of Magistrate Judge, 6 ("Report and Recommendation"). The Magistrate Judge found that Judge Houck was immune from suit under § 1983 as a member of the judiciary. Id. at 4. The Magistrate Judge also determined that Dargan was similarly protected by the doctrine of "quasi-judicial immunity." Id.

Plaintiff proposes several theories under which Judge Houck and Dargan are liable for violating his constitutional rights. First, Plaintiff contends that Judge Houck "allowed Plaintiff's motion to vacate judgment to be mooted from the record of the court by his law clerk, Timothy Dargan, prior to Judge Houck reviewing the motion and making a lawful adjudication . . . ." Complaint, 5. In the alternative, Plaintiff asserts that Dargan entered the "minute entry orally without being directed by Judge Houck and without being Judge Houck's presence. . . ." Complaint, 1. Though Plaintiff is entitled to argue a violation under either or both scenarios, the court agrees with the Magistrate Judge that each provides for a similar result, summary dismissal.

As to the liability of Judge Houck under the theory that he "unconstitutionally delegated" responsibility to issue the order to Dargan, "it has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." Chu v. Griffith, 771 F.2d 79, 81 (4th

---

[2]The electronic entry in the ECF/CM system reads:
>Minute entry: mooting [21-1] motion to vacate [16-1] judgment order (per Timothy Dargan, Law Clerk to US District Judge C Weston Houck) (swel) (Entered: 07/22/2004)

Cir. 1985) (citing Bradley v. Fisher, 80 U.S. (13 Wall. 335) (1872); Stump v. Sparkman, 435 U.S. 349 (1978)). "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump, 435 U.S. at 355-56 (citing Bradley, 13 Wall. at 351). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Id. In his objections, Plaintiff contends that Judge Houck was performing a "non-judicial" act when he "failed to exercise jurisdiction over Plaintiff's 60 (b) motion" and "instead delegated it to his law clerk, [] Dargan." Id. at 3. Even assuming Judge Houck's alleged "delegation" of the authority to evaluate Plaintiff's 60 (b) motion, the ultimate act of "mooting" Plaintiff's motion was within the Judge's jurisdiction and thus protected by immunity regardless of the method or motivation behind it. Stump, 435 U.S. at 356. Under these facts, summary dismissal is appropriate because Plaintiff seeks compensation from an individual who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff's alternative argument also fails to establish liability for Judge Houck. If "law clerk Dargan impeded the processing of [P]laintiff's Rule 60(b) motion] by mooting the motion from the record *before* District Judge Houck took any action [on the] motion," Objections, 6 (emphasis added), Judge Houck is immune from suit as Plaintiff is alleging misconduct by Dargan alone. Plaintiff's second theory articulates a scenario where Judge Houck had neither the knowledge that Plaintiff had filed a Rule 60 (b) motion nor the opportunity to respond to Plaintiff's motion. Under these facts, no constitutional right is implicated and summary dismissal is appropriate. See 28 U.S.C. § 1915(e)(2)(B)(ii).

The court turns next to the liability of Dargan. Plaintiff contends that Dargan is not entitled to "quasi-judicial immunity" because "[Dargan] impeded the processing of [Plaintiff's Rule 60(b) motion] by mooting [it] from the record before Judge Houck took any judicial action over the motion. . . ." Objections, 6. Plaintiff's allegation under this scenario essentially argues that Dargan performed his job as a law clerk improperly by failing to receive the Judge's authorization before denying Plaintiff's motion as moot. Thus, Plaintiff argues that Dargan negligently performed his duty as a law clerk when he allegedly "mooted" the Rule 60 (b) motion without authorization. Plaintiff contends that this allegedly negligent activity violated his "guaranteed protected rights under the Constitution's First and Fifth Amendments." Complaint, 2.

It is well established that negligent deprivations of life, liberty, or property are not actionable under 42 U.S.C. § 1983. Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995). This maxim holds true regardless of whether Plaintiff frames his allegations as infringements on his First or Fifth Amendment rights. Id. at 76 ("Negligent official conduct does not instantly become actionable under § 1983 because it is termed an infringement of the right to petition rather than a violation of due process."). Even assuming this allegation as true for the instant purposes, Plaintiff fails to state a claim on which relief may be granted as no constitutional right is implicated if Dargan negligently entered the minute order without authorization.

Plaintiff also alleges an alternative theory claiming that Judge Houck "confer[red] the duty and responsibility to issue minute entry orders" to Dargan. Id. at 9. In the event that Dargan received authorization from Judge Houck to enter the minute order, Dargan is entitled to immunity. "Absolute immunity is designed to free the judicial process from the harassment and intimidation associated with litigation." Burns v. Reed, 500 U.S. 478, 494 (1991). This immunity has been

extended to court personnel, including law clerks, who act in obedience to a judicial order or under the direction of the court. See McCray v. Maryland, 456 F.2d 1, 5 (4th Cir. 1972). Dargan is entitled to judicial immunity under these facts and summary dismissal is the appropriate disposition.

Further, it must be noted that Plaintiff possessed an adequate "remedy" for the alleged constitutional deprivation he claims: an appeal to the Fourth Circuit Court of Appeals. Plaintiff had the right to appeal the denial of his Rule 60 (b) motion. See NOW v. Operation Rescue, 47 F.3d 667, 669 (4th Cir. 1995) ("The power of a district court to vacate a judgment under Federal Rule of Civil Procedure 60(b) rests within the district court's equitable powers, and its decision will not be disturbed on appeal absent a showing of an abuse of discretion."). Plaintiff had an opportunity to appeal the District Court's decision on his Rule 60 (b) motion and chose not to.

Plaintiff also objects to the Magistrate Judge's recommendation that this court impose a "strike" under 28 U.S.C. § 1915 (g). 28 U.S.C. § 1915 (g) provides that inmates may not proceed *in forma pauperis* in civil rights actions if they have, on three prior occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Having determined that Plaintiff has failed to state a claim upon which relief can be granted, the instant filing must be treated as a "strike" under § 1915 (g).

### III. Conclusion

The court has reviewed the record and adopts the portion of the recommendation of the Magistrate Judge granting immunity to Defendants.[3] Plaintiff's complaint is **dismissed** with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

October 28, 2005
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**
**Plaintiff is hereby notified that he has the right to appeal this order pursuant to the Federal Rules of Appellate Procedure.**

---

[3] Plaintiff also argues that the Magistrate Judge erred in stating that Plaintiff was required to seek leave from the Court of Appeals for the Fourth Circuit in order to file his Rule 60 (b) motion. Since the court reaches its decision today without considering or adopting this portion of the Magistrate Judge's Report and Recommendation, the court finds no need to review Plaintiff's objection to this finding of the Magistrate Judge.

-7-